UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
DENAN AISLEY,

               Plaintiff,

           -against-

JAIME LA MANNA, Superintendent,

               Defendant.
-------------------------------------------------------------------x

**NOT FOR PUBLICATION**

**MEMORANDUM AND ORDER**
18-CV-3738 (PKC)

PAMELA K. CHEN, United States District Judge:

On June 5, 2018, *pro se* Petitioner, Denan Ainsley, currently incarcerated at Green Haven Correctional Facility in Stormville, New York, filed this petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 challenging his 2014 Kings County conviction for attempted murder in the second degree and criminal possession of a weapon in the second degree. Petitioner paid the filing fee to commence this action. For the reasons set forth below, Petitioner is directed to submit an affirmation, within thirty (30) days of the date of this Order, showing cause as to why the petition should not be dismissed as time-barred.

## BACKGROUND

Petitioner challenges his January 8, 2014 conviction in the Supreme Court of the State of New York, Kings County for attempted murder in the second degree and criminal possession of a weapon in the second degree. (Dkt. 1, at ¶ 2(a).) He was sentenced to twelve years' imprisonment. (*Id.* at ¶ 2(b).) On October 28, 2015, the Supreme Court Appellate Division, Second Department affirmed the conviction. *People v. Ainsley,* 18 N.Y.S. 3d 181 (2d Dep't 2015). Leave to appeal was denied by the New York Court of Appeals on February 26, 2016. *People v. Ainsley,* 26 N.Y.3d 1142 (2016). Petitioner filed a motion for collateral relief pursuant to CPLR §440 in the

Supreme Court of the State of New York, Kings County, on May 10, 2017, which was denied on "approximately September 2017." (*Id.* at ¶ 11.)

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year period of limitations for the filing of an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1). The AEDPA provides that the limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy,* 521 U.S. 320, 327 (1997) (interpreting § 2244 to apply "to the general run of habeas cases . . . when those cases had been filed after the date of the Act."). Based on the facts alleged in the petition, neither subsection (B), (C), or (D) of 28 U.S.C. § 2244(d)(1) applies in this case.[1] As such, the Court must determine whether the petition is timely under 28 U.S.C. §§ 2244(d)(1)(A).

---

[1] Should Petitioner wish to argue that subsections (B), (C) or (D) of 28 U.S.C. § 2244(d)(1)

2

### A. Timeliness under 28 U.S.C. § 2244(d)(1)(A)

Under 28 U.S.C. § 2244(d)(1)(A), the one-year limitations period for a § 2254 petition runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The judgment of conviction becomes final ninety days after the date the Court of Appeals denies leave to appeal. Here, the New York Court of Appeals denied leave to file on February 22, 2016. Since Petitioner's judgment of conviction became final on May 23, 2016, Petitioner had a one-year grace period that lasted until May 23, 2017 to file the current petition.

This petition was filed June 5, 2018 when Petitioner placed it in the prison mailing system, (Dkt. 1, at ¶ 16); *Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir. 2001) (extending the "prison mailbox rule," pursuant to which the pleadings of incarcerated *pro se* litigants are deemed filed on the day they are handed over to prison officials for mailing, to habeas corpus petitions), which was more than one year after the limitations period expired. This petition is therefore time-barred under 28 U.S.C. § 2244(d)(1).

Section 2244(d)(2), however, provides that the one-year statute of limitations period, including the one-year grace period, is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Bennett v. Artuz*, 199 F.3d 116, 118-19 (2d Cir. 1999). "[A] state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate

---

provide the pertinent start date for his one-year limitations period, he must present facts in his affirmation to render those subsections applicable to this case. Petitioner concludes that the "State has been impeding and hindering the actual innocence claim through the continual withholding of significant impeachment/exculpatory materials generated in connection with the case" but, without more, the Court cannot determine that Petitioner is invoking subsection (B).

review is unavailable under the particular state's procedures." *Bennett,* 199 F.3d at 120. "The post-conviction proceeding, however, does not start the one-year period to run anew." *Thomas v. Martuscello*, No. 13-CV-893 (DLI)(LB), 2013 WL 782902, at *2 (E.D.N.Y. Feb. 28, 2013). Rather, "[t]he statute merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation." *Id.* (citing *Smith v. McGinnis*, 208 F.3d 13, 16-17 (2d Cir. 2000)). That is, the statute does not restart the limitations period.

Here, Petitioner states that he filed a post-conviction motion on May 10, 2017 and that it was denied in "approximately September 2017." He does not state if he appealed the denial of the motion. Although the motion tolled the limitations period while it was pending and was filed just before the one-year grace period expired on May 23, 2017, in order to determine the timeliness of this petition, the Court needs to know: (1) the date of the New York Supreme Court decision; (2) when, if ever, Petitioner appealed the decision; and (3) when, if taken, that appeal was decided. Petitioner is afforded thirty (30) days to provide this information and any other information he may have about any post-conviction relief he may have sought.

### B. Actual Innocence

Petitioner asserts that he should be excused from AEDPA's one-year statute of limitations because he is actually innocent of the crime for which he was convicted. (Dkt. 1, at ¶ 18.) As the Supreme Court recently confirmed in *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013), actual innocence, if established, warrants an "equitable *exception"* to the statutory time bar. *Id.* at 391-92. To pass through the "actual innocence" gateway, a petitioner must make the same showing of actual innocence required to overcome a procedural bar to habeas review under the miscarriage of justice prong. *See id.* at 386. The standard is "'demanding' and seldom met." *Id.* (quoting *House*

4

*v. Bell,* 547 U.S. 518, 538 (2006)). A claim of actual innocence "must be both 'credible' and 'compelling.'" *Rivas v. Fischer,* 687 F.3d 514, 541 (2d Cir. 2012) (quoting *House,* 547 U.S. at 521, 538). "For the claim to be 'credible,' it must be supported by 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Id.* (quoting *Schlup v. Delo,* 513 U.S. 298, 324 (1995)). "For the claim to be 'compelling,' the petitioner must demonstrate that 'more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.'" *Id.* (quoting *House,* 547 U.S. at 538); *see also McQuiggin,* 569 U.S. at 385, 395, 399.

Here, Petitioner provides no facts to support his actual innocence claim, apart from his single conclusory assertion of his innocence and that he has attempted, unsuccessfully, to obtain exculpatory evidence from the State. (*See* Dkt. 1, at ¶ 18.) If Petitioner has a credible and compelling basis to claim actual innocence, he should inform the Court of that basis in his written affirmation.

**C. Equitable Tolling**

The one-year statute of limitations under AEDPA may also be tolled for equitable reasons. *Holland v. Florida*, 130 S. Ct. 2549, 2561-62 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks omitted). "The term 'extraordinary' does not refer to the uniqueness of the petitioner's circumstances, 'but rather how severe an obstacle it is for the prisoner endeavoring to comply with

5

AEDPA's limitations period.'" *Bolarinwa v. Williams*, 593 F.3d 226, 231-32 (2d Cir. 2010) (quoting *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008)).

Petitioner references his criminal defense attorney's failure to timely submit Petitioner's post-conviction motion or habeas, but does not provide enough information for the Court to assess the effects of the attorney's alleged misconduct on the criminal case or whether Petitioner has been pursuing his rights diligently. The Court therefore finds no basis to equitably toll the one-year limitation period prescribed by AEDPA in this petition. Petitioner has neither demonstrated that he has been pursuing his rights diligently nor established that any extraordinary circumstances prevented him from timely filing his habeas petition. Should Petitioner have a good faith basis for equitable tolling, he must inform the Court by written affirmation within thirty (30) days of this Order.

## CONCLUSION

For the reasons set forth above, the Court directs Petitioner to show cause by written affirmation, within thirty (30) days of the entry of this Order on the docket, why the petition should not be dismissed as time-barred by AEDPA's one-year statute of limitations. *Day v. McDonough*, 547 U.S. 198, 209 (2006)); *see also Acosta v. Artuz,* 221 F.3d 117, 124 (2d Cir. 2000) ("Where the dismissal is based on procedural grounds . . . the district court must provide notice and an opportunity to be heard prior to dismissal[.]"). Specifically, in his affirmation, attached to this order for convenience, Petitioner must present any facts or evidence that would support either statutory tolling or equitable tolling of the one-year limitations period. In addition, he must present facts that would support his claim of actual innocence.

No response or answer shall be required at this time from Respondent, and all further proceedings shall be stayed for thirty (30) days or until Petitioner has complied with this Order. Should Petitioner fail to file a timely affirmation, the Court will dismiss his § 2254 petition as time-barred under 28 U.S.C. § 2244(d). If filed within thirty (30) days, Petitioner's affirmation shall be reviewed pursuant to Rule 4 of the Habeas Rules and 28 U.S.C. § 2244(d).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States,* 369 U.S. 438, 444–45 (1962). The Clerk of the Court is respectfully directed to serve a copy of this Order and the accompanying affirmation form on Petitioner and to note service of the same on the docket.

SO ORDERED:

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: Brooklyn, New York
        August 7, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DENAN AINSLEY,

                Petitioner,

   -v-                                                     <u>AFFIRMATION</u>
                                                                   18-CV- 3738 (PKC)
JAMIE LA MANNA,

                Respondent.
------------------------------------------------------------x
STATE OF NEW YORK    }
                                } ss:
COUNTY OF _____    }

       I, Denan Ainsley, make the following affirmation under the penalties of perjury:

1.    I am the petitioner in this action and I respectfully submit this affirmation in response to

the Court's order dated _____, 2018. The instant petition should not be time-barred by

the AEDPA's one-year statute of limitations because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____   [YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

2.  In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

Dated: _____          _____
                                Signature

                                _____
                                Address
                                _____
                                _____
                                City, State & ZIP